# United States Court of Appeals
## For the First Circuit

---

No. 12-1193

JOSÉ A. NIEVES-ROMERO ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Torruella, Selya and Lipez,
Circuit Judges.

---

Carlos Rodríguez García, with whom Rodríguez García PSC was on brief, for appellants.
Isabel Muñoz-Acosta, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, were on brief, for appellees.

---

May 3, 2013

---

**SELYA, Circuit Judge.** When a dangerous condition exists on commercial premises and causes injury to a business invitee, tort liability typically depends on whether the owner/occupier knew or reasonably should have known of the existence of the dangerous condition. In the case at hand, the district court concluded that the summary judgment record contained no significantly probative evidence of the defendant's knowledge (actual or constructive) of the dangerous condition and entered judgment accordingly. After careful consideration, we affirm.

## I. BACKGROUND

For ease in exposition, we treat this case as one brought solely by José Nieves-Romero against the United States.[1] We start by rehearsing the facts and the travel of the case. Our task is simplified by the procedural posture in which this appeal arises.

When the United States moved for summary judgment, it accompanied its motion with a statement of material facts not in dispute. See D.P.R. Civ. R. 56(b). The plaintiff opposed the motion but did not proffer any counter-statement of material facts. See D.P.R. Civ. R. 56(c). Thus, the district court correctly deemed the government's statement of material facts admitted. See

---

[1] The complaint lists additional plaintiffs (Nieves-Romero's wife and their conjugal partnership) and additional defendants (including federal agencies). But the claims of the other plaintiffs are wholly derivative, and the other defendants are superfluous. See Armor Elev. Co. v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir. 1981).

-2-

D.P.R. Civ. R. 56(e) (explaining that "[f]acts contained in a supporting or opposing statement of material facts . . . shall be deemed admitted unless properly controverted"); see also Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000) (stating that when a local rule requires all parties to accompany their summary judgment papers with statements of material facts and the movant complies but the nonmovant does not, the facts contained in the movant's statement must be accepted as true for summary judgment purposes); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (same). We, too, draw the facts from that statement.

On July 28, 2009, the plaintiff, who uses a wheelchair, was on the premises of the Veterans Affairs (VA) Hospital in San Juan. While awaiting x-ray results, he repaired to a handicapped-accessible public restroom. As he attempted to transfer himself from his wheelchair onto the toilet, the toilet seat came loose and he fell to the floor. He sustained injuries as a result of the fall.

After filing an administrative claim, see 28 U.S.C. § 2675(a), the plaintiff sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. He

-3-

averred that the VA had negligently maintained the restroom and that the loose toilet seat provoked his fall.[2]

On August 17, 2011, the United States moved for summary judgment. The plaintiff opposed the motion. Discovery closed on December 9, 2011. At that time, the government's fully briefed motion for summary judgment was pending unresolved.

Two days later, the plaintiff moved to reopen discovery. In support, his counsel described domestic difficulties that had hampered his access to case files kept in his home office (including the file in this case). The district court granted the request and extended the close of discovery to January 30, 2012.

On January 5, 2012, the district court granted summary judgment. The court determined that "there is simply no evidence in the record to support that [the VA] had knowledge of the dangerous condition, the loose toilet seat." The plaintiff moved for reconsideration, but to no avail. This timely appeal followed.

## II. ANALYSIS

We subdivide our analysis into two segments, corresponding to the plaintiff's paired arguments.

---

[2] The United States is the proper defendant in an FTCA case. See 28 U.S.C. § 2679(a). Nevertheless, we sometimes use terms such as "the government" or "the VA" as a shorthand for "the United States."

## A.  Summary Judgment.

We review an order for summary judgment de novo, evaluating the facts and all reasonable inferences therefrom in the light most flattering to the nonmoving party.  Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999).  We will affirm the entry of summary judgment only if the record discloses no genuine issue of material fact and demonstrates that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a).

"This standard is favorable to the nonmoving party, but it does not give him a free pass to trial."  Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  To be genuine, a factual dispute must be built on a solid foundation — a foundation constructed from materials of evidentiary quality.  See Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  "[C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative" will not suffice to ward off a properly supported summary judgment motion.  Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001).

Against this backdrop, we turn to the record before us. As a sovereign nation, the United States is generally immune from tort liability except to the extent that it consents to be sued.

-5-

See Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000). The FTCA comprises a limited waiver of federal sovereign immunity, which allows the government to be held liable for certain tortious acts and omissions. See Limone v. United States, 579 F.3d 79, 88 (1st Cir. 2009). It specifies that liability determinations are to be informed by "the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1). Here, then, we look to Puerto Rico tort law.

Article 1802 of the Civil Code imposes liability on "[a] person who by an act or omission causes damage to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. A plaintiff suing for negligence under Article 1802 must establish four things: a duty requiring the defendant to conform to a certain standard of care, a breach of that duty, proof of damage, and a causal connection between the negligence and the damage. See Sociedad de Gananciales v. González Padín Co., 17 P.R. Offic. Trans. 111, 125 (1986). In a premises liability case, fault ordinarily depends on knowledge. With rare exceptions (not relevant here), a showing of negligence requires a showing of the defendant's actual or constructive notice of the dangerous condition. See Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 50 n.5 (1st Cir. 1997); Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993); Cotto v. Consol. Mut. Ins. Co., 16 P.R. Offic. Trans. 786, 794 (1985).

Before us, the plaintiff challenges the district court's determination that he failed to adduce evidence sufficient to permit a finding that the VA had either actual or constructive knowledge of the loose toilet seat. This challenge lacks force.

The plaintiff concedes — as he must — that the summary judgment record is barren of any evidence of actual knowledge. He asseverates, however, that there is significantly probative evidence of constructive knowledge, that is, circumstances that would suffice to support a finding that the VA should have known of the loose toilet seat before the mishap occurred. We explore this asseveration.

At the time material hereto, the VA had a contract with DB&W Services Corporation (DB&W) for cleaning and maintenance services at the VA Hospital. On the day of the plaintiff's accident, an employee of DB&W, Ivelisse López, cleaned the restroom in which the plaintiff fell. As part of her duties, she was assigned to clean all fixtures in the lavatory, including the toilet, every half-hour. There is no evidence in the record from which we can tell when, prior to the accident, she last cleaned the restroom. By the same token, there is no evidence from which a rational factfinder could deduce that the toilet seat was loose during the last of her visits. The record suggests the contrary; it discloses that DB&W received no report of any problems with the toilet seat on the day of the accident.

Another entity, the Environment of Care Team (EOC), performed scheduled inspections of the restroom (including the toilet facilities) at roughly four-month intervals. The EOC carried out such an inspection on June 5, 2009 and found nothing amiss.

The plaintiff contends that because the hospital is a high-traffic area, the restroom should have been inspected more often than once every four months. The failure to conduct more frequent inspections, he says, warrants an inference of negligence. This ipse dixit is profoundly flawed.

Even if the restroom facilities were inspected on a biweekly schedule as the plaintiff advocates, there is no basis for a finding that the defect about which the plaintiff complains would have been discovered in time to prevent the accident. For aught that appears, the toilet seat could have become unmoored minutes before the plaintiff's fall.

The upshot is that the record contains no significantly probative evidence as to when the dangerous condition arose. Consequently, the plaintiff's claim that the VA was on constructive notice of the defect is without foundation. See Gomez v. Stop & Shop Supermkt. Co., 670 F.3d 395, 397-98 (1st Cir. 2012) (affirming summary judgment and stating that it "is a conventional approach to premises liability" to require a plaintiff to "prove both that a dangerous condition existed and that [the defendant] had notice,

actual or constructive, of the dangerous condition but took no corrective action"); Cotto, 16 P.R. Offic. Trans. at 795-96 (concluding that no liability could attach absent evidence tending to show that defendant had notice of existence of dangerous condition); see also McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (explaining that a party opposing summary judgment cannot rely on the absence of evidence, but must "point to specific facts that demonstrate the existence of an authentic dispute").

In an effort to deflect the thrust of this reasoning, the plaintiff points to evidence of measures taken to repair the toilet after his accident. The law is clear, however, that evidence of subsequent remedial measures is inadmissible to prove negligence. See Fed. R. Evid. 407.

The plaintiff seeks to bring his case within the confines of an isthmian exception to this rule. He notes that evidence of subsequent remedial measures may be admitted to prove "ownership, control, or the feasibility of precautionary measures," id.; and he argues that the evidence is admissible here to show the VA's control over the restroom.

This is pure sophistry. In this case, the VA's control over the restroom is not in dispute, so the exception is inapplicable. And — contrary to the plaintiff's importunings — the fact that the VA repaired the toilet after the accident does not

establish a presumption of constructive notice of the dangerous condition.  Cf. Raymond v. Raymond Corp., 938 F.2d 1518, 1525 (1st Cir. 1991) (concluding that evidence of post-accident repairs "ha[d] little bearing on whether or not [a product] was unreasonably dangerous" at the time of manufacture).

That ends this aspect of the matter.  Simply put, the summary judgment record contains no evidentiary support for the plaintiff's bare allegation that the VA, prior to the accident, had either actual or constructive knowledge of the loose toilet seat. It follows inexorably, as night follows day, that a rational factfinder could not conclude that the VA breached its duty of care in the circumstances of this case.  See Woods-Leber, 124 F.3d at 51-52 (affirming summary judgment where record failed to show that hotel had actual or constructive knowledge of existence of dangerous condition).

## B.  **Effect of Discovery Extension.**

The plaintiff has a fallback position: he complains that the district court should not have ruled on the summary judgment motion prior to the expiration of the extended discovery period. We review the district court's decision to proceed with the adjudication of the summary judgment motion for abuse of discretion.  See Vélez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004).

We discern no abuse of discretion. To begin, the fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion. See, e.g., Dulany v. Carnahan, 132 F.3d 1234, 1238-39 (8th Cir. 1997); King v. Cooke, 26 F.3d 720, 725-26 (7th Cir. 1994); see also Fla. Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) (explaining that "it would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge" (internal quotation marks omitted)).

Here, moreover, the plaintiff's request to reopen discovery was not coupled with a request to withhold adjudication of the pending summary judgment motion. Nor did the plaintiff inform the district court, at any time prior to the granting of summary judgment, that his discovery-extension request was tied to the pending summary judgment motion.

Indeed, the timing of the plaintiff's motion to extend the discovery period suggests the absence of any link to the summary judgment motion. The discovery-extension motion was not filed until more than two months after the plaintiff filed his opposition to summary judgment. The new motion did not refer to summary judgment at all, nor did it suggest that additional discovery would bolster the plaintiff's ability to prove liability.

-11-

It is, therefore, unsurprising that the district court granted the discovery-extension motion by a simple docket entry, which made no reference to the pending summary judgment motion.

To cinch matters, Federal Rule of Civil Procedure 56(d) supplies a ready mechanism for a party to obtain more time to gather facts necessary to oppose a motion for summary judgment.[3] See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (explaining that "[a]ny potential problem with [a] premature [motion for summary judgment] can be adequately dealt with under [this rule]"). It provides, in relevant part, that if a party opposing summary judgment shows that "for specified reasons, [he] cannot present facts essential to justify [his] opposition," the district court may grant appropriate relief. Fed. R. Civ. P. 56(d). When properly deployed, this safety net guards against precipitous grants of summary judgment. See Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007).

For present purposes, it is important to emphasize that Rule 56(d) is not self-executing. A party seeking the shelter of the rule must invoke it. See Jones v. Secord, 684 F.3d 1, 6 (1st Cir. 2012); C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41,

---

[3] Rule 56(d) was formerly Rule 56(f). This change in taxonomy is of no moment; the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic. See Fed. R. Civ. P. 56 advisory committee's note; see also Godin v. Schencks, 629 F.3d 79, 90 n.19 (1st Cir. 2010). Thus, case law developed under former Rule 56(f) remains controlling, and we cite to it where applicable. See Jones v. Secord, 684 F.3d 1, 5 n.2 (1st Cir. 2012).

44 (1st Cir. 1998).  A party cannot have two bites at the cherry: he ordinarily cannot oppose a summary judgment motion on the merits and, after his opposition is rejected, try to save the day by belatedly invoking Rule 56(d).  See C.B. Trucking, 137 F.3d at 44. Rather, he must stake his claim to protection under Rule 56(d) at the time he responds to the summary judgment motion (or, at least, at some time before the nisi prius court passes on that motion).

The plaintiff did not seasonably invoke the protection of Rule 56(d).  To invoke Rule 56(d), a party must furnish the district court with a timely statement that "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion."  Vélez, 375 F.3d at 40.  Here, however, the plaintiff did nothing that, by any stretch of even the most fertile imagination, might be thought to satisfy these requirements.  He opposed summary judgment head-on, and his opposition made no mention either of Rule 56(d) or of a need to obtain more information in order to contest summary judgment.  In these circumstances, the district court had no sua sponte obligation to determine whether Rule 56(d) might be in play.  See Secord, 684 F.3d at 6 ("It is not the court's responsibility to dig through the record in a particular case unsolicited and determine

-13-

whether some timing problem might exist in connection with a summary judgment motion.").

To be sure, once the district court granted summary judgment, the plaintiff attempted (for the first time) to forge a link between the discovery-extension motion and the summary judgment motion. This was too little and too late, and the plaintiff offered no convincing explanation for his failure to forge such a link earlier. The district court denied the motion for reconsideration out of hand and, given the circumstances, we cannot say that its ruling was an abuse of discretion. See Vélez, 375 F.3d at 41.

When the court entered summary judgment, the extended discovery period had only a little more than three weeks left to run. There is no basis for a finding that the plaintiff detrimentally relied on these waning few weeks of the extended discovery period. For one thing, the record contains nothing to indicate that the plaintiff actually conducted discovery after the district court granted the discovery-extension motion. To the contrary, the plaintiff's motion for reconsideration of the summary judgment order, filed more than four weeks after the court had authorized the reopening of discovery, states that he "has not been able to conduct discovery."

For another thing, the plaintiff states his intention to take depositions of certain persons with knowledge, but it does not

-14-

appear that those depositions had even been scheduled — let alone taken — at the time when he sought reconsideration. Given that the plaintiff had already allowed most of his extended time to lapse without assiduously pursuing any additional discovery, any inference of reliance on the extension is simply implausible. Thus, any potential concern about unfairness in the timing of the court's entry of summary judgment is dissipated by the utter absence of any evidence that the plaintiff actually relied on the discovery extension.

Actions have consequences; and inaction, too, has consequences. Because the plaintiff did not make the slightest effort either to comply with the requirements of Rule 56(d) or to conduct discovery diligently, the district court did not abuse its discretion in ruling on the fully briefed summary judgment motion prior to the conclusion of the extended discovery period. See, e.g., Secord, 684 F.3d at 6; United States v. San Juan Bay Marina, 239 F.3d 400, 408 (1st Cir. 2001); Meehan v. Town of Plymouth, 167 F.3d 85, 92 n.7 (1st Cir. 1999).

## III. CONCLUSION

We need go no further. For the reasons elucidated above, we affirm the judgment of the district court.

**Affirmed.**