# United States Court of Appeals
## For the First Circuit

No. 16-2117

MARILYN BESOSA-NOCEDA, per se and in representation of her minor
children LMR-B and DJR-B; JUAN PABLO RODRIGUEZ-TORRES, per se
and in representation of his minor children LMR-B and DJR-B;
LMR-B; DJR-B,

Plaintiffs, Appellants,

v.

CARMEN NEREIDA SANTANA TORRES; JOSE B. CAPÓ-RIVERA; DANIEL E.
RIVERA TORRES,

Defendants, Appellees,

CESAR R. MIRANDA-RODRIGUEZ; JOSE CALDERO, Superintendent,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen C. Cerezo, U.S. District Judge]

---

Before

Gelpí, Hamilton,* and Aframe,
Circuit Judges.

---

Juan R. Rodríguez, with whom Rodriguez Lopez Law Offices,
P.S.C., was on brief, for appellants.

Francisco J. González-Magaz, with whom Luis R. Román-Negrón,
Solicitor General, and Luis J. López-Valdés, Assistant Solicitor
General, were on brief, for appellees.

---

* Of the Seventh Circuit, sitting by designation

January 7, 2026

**AFRAME, Circuit Judge**. Marilyn Besosa-Noceda relocated from the Commonwealth of Puerto Rico to the State of Texas to pursue a favorable employment offer, bringing along the minor child she shared with Emmanuel Santiago-Melendez, a former romantic partner. Upset that Besosa moved without his permission, Santiago successfully sought criminal charges, which ultimately resulted in Besosa's arrest and extradition to Puerto Rico. Those charges were eventually dismissed. Besosa then sued Daniel Rivera-Torres, the Ponce, Puerto Rico police officer to whom Santiago initially complained; Carmen Santana-Torres, the Commonwealth prosecutor who filed the criminal case against her; and José Capó-Rivera, Santana's supervisor (collectively, "the defendants"), asserting claims under 42 U.S.C. § 1983 and Commonwealth law for malicious prosecution. The defendants successfully moved for summary judgment. Besosa appeals, and we affirm.

## I. BACKGROUND

Because this appeal arises from the grant of summary judgment, we present the facts favoring Besosa as the non-moving party. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 12 (1st Cir. 2004). In doing so, however, we face two impediments. First, Besosa's brief lacks record citations in violation of Fed. R. App. 28(a)(8)(A). In that circumstance, we may dismiss the appeal outright or scrutinize the merits to the extent that the record permits. Fryar v. Curtis, 485 F.3d 179, 182 n.1 (1st Cir.

- 3 -

2007).  Additionally, in conducting our own record review, we face the second problem: several of the documents that Besosa references are provided only in Spanish or are not part of the district court record.  See Dávila v. Corporación De P.R. Para La Difusión Pública, 498 F.3d 9, 13 (1st Cir. 2007) ("When a district court accepts foreign-language documents without the required English translations, an appellate court cannot consider the untranslated documents on appeal."); In re Fin. Oversight & Mgmt. Bd. for P.R., 9 F.4th 1, 12 (1st Cir. 2021) (stating that documents not admitted into the district court record are not part of the record on appeal).  Therefore, while we attempt to present the facts in the light most favorable to Besosa, we do so only insofar as we can identify appropriate factual support.  Any ambiguity will be resolved against Besosa.  Fryar, 485 F.3d at 182 n.1.

Santiago is the biological father of Besosa's oldest child, a girl.  According to Besosa, Santiago never cared for their daughter and frequently failed to make child support payments.  Besosa did not, however, go to court to challenge Santiago's failure to pay child support.

Soon after Besosa's daughter was born, Besosa married Juan Pablo Rodríguez-Torres, and together they had two more children.  In the early spring of 2014, Besosa learned of an employment opportunity that would require her to relocate with her family to Texas.  That March, Besosa informed Santiago that she

intended to move to Texas with their daughter and sought his written permission. Santiago declined the request, believing that it would hinder his relationship with his daughter.

In April 2014, Besosa discovered that she would have to relocate to Texas sooner than expected; therefore, she and her family left Puerto Rico immediately, without again seeking Santiago's permission. In Besosa's view, she was not, in any event, required to obtain Santiago's permission because there was no court order requiring her to do so and Santiago had no ongoing relationship with their daughter.

Around this time, Santiago initiated a civil proceeding in a Commonwealth court related to his daughter's custody. Besosa failed to appear for hearings in this matter set for April 9 and 22, 2014. On May 7, 2014, Besosa missed another hearing because she already had arrived in Texas, although her attorney attended on her behalf. Later that day, Santiago went to the Ponce, Puerto Rico Police Department to file a criminal complaint against Besosa for depriving him of access to his daughter. At the police station, Santiago met with Officer Rivera. Santiago told Rivera that he and Besosa shared custody over their daughter and that Besosa had taken his daughter from Puerto Rico without his permission.

Officer Rivera believed that Santiago was telling the truth, and therefore he instructed Santiago to report to the Ponce

prosecutor's office two days later to consult on the case. At the prosecutor's office, Prosecutor Santana interviewed Santiago and Officer Rivera. Santana also spoke to Santiago's attorney and instructed Rivera to obtain documents from that attorney's office. Santiago then executed a sworn statement attesting to the facts supporting his complaint against Besosa.

After obtaining Santiago's sworn statement and determining that Besosa was not in Puerto Rico, Prosecutor Santana authorized the filing of criminal charges against Besosa for illegally depriving Santiago of custody. The matter was presented to a municipal court judge in a proceeding under Rule 6 of the Puerto Rico Rules of Criminal Procedure to obtain an arrest warrant for Besosa. Officer Rivera and Santiago testified at that hearing. Besosa was not present. At the conclusion of the hearing, the judge determined that there was no probable cause to issue an arrest warrant for Besosa.

When a municipal judge determines that there is no probable cause for issuing an arrest warrant, Commonwealth law permits the prosecutor who filed the case to seek a revision of the probable cause determination by another judge. Prosecutor Santana sought such a revision, which resulted in a second hearing on May 27, 2014, this time before a superior court judge. A prosecutor other than Santana handled the revision hearing, and neither Officer Rivera nor Besosa attended. Santiago testified,

- 6 -

and the superior court judge concluded that there was probable cause for Besosa's arrest.

Local authorities arrested Besosa in Texas on July 2, 2014. Besosa was transferred to Puerto Rico on July 22, 2014, where she was detained for an additional period before her release. Eventually, Besosa obtained dismissal of the charge brought against her by demonstrating in a preliminary hearing that there was no probable cause for the charge.

In May 2015, Besosa filed a federal complaint against Officer Rivera, Prosecutor Santana, and Santana's supervisor, Attorney Capó. After discovery, the defendants moved for summary judgment, and the district court granted the motion. It held that Besosa's § 1983 malicious prosecution claim failed because the undisputed evidence established that a Commonwealth judge issued an arrest warrant based on probable cause and there was no evidence that the judge's finding was based on "false statements or omissions that created a falsehood." The court also rejected the Commonwealth malicious prosecution claim for the same reason. Finally, the court rejected Besosa's claim that her rights were violated because the probable cause hearings proceeded in her absence. The court held that Besosa had no right under Commonwealth law to be present when a judge holds a Rule 6 hearing to issue an arrest warrant.

- 7 -

## II. DISCUSSION

Besosa raises two arguments on appeal. First, she contends that the district court failed to resolve a pending discovery dispute before ruling on the defendants' summary judgment motion. Second, she claims that the district court improperly determined that the defendants were entitled to summary judgment. We begin with the discovery issue.[1]

---

[1] After Besosa filed her brief in this Court, the Commonwealth, who is providing counsel for the defendants in this case under Law 9, declared bankruptcy under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161, et seq. The Commonwealth's declaration triggered an automatic stay of litigation involving claims against the Commonwealth. Despite the stay, the defendants filed their response brief and Besosa filed a reply. On March 15, 2022, the automatic stay lifted and a discharge injunction was entered, preventing the continuation of litigation asserting claims against the Commonwealth from proceeding outside of the bankruptcy process.

Given these circumstances, we requested that the parties brief (1) whether the automatic stay rendered the defendants' brief and Besosa's reply void, and (2) whether the discharge injunction barred the continuation of this litigation because the Commonwealth may ultimately decide, under Law 9, to indemnify a judgment against the defendants if such a judgment were to issue. We now choose to bypass these PROMESA-related issues because we can resolve this appeal based solely on Besosa's opening brief, the appendix, and the district court record, which were all filed before the automatic stay entered. And, because we are affirming judgment for the defendants, there is no risk that this case will result in liability for the Commonwealth that may be inconsistent with the discharge injunction. See Díaz-Báez v. Alicea-Vasallo, 22 F.4th 11, 17 n.3 (1st Cir. 2021) (bypassing PROMESA issues because they do not affect Article III jurisdiction); see also Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 34 (1st Cir. 2020) (bypassing the application of the PROMESA automatic stay where the parties agreed the stay did not

## A.    Unresolved Discovery Dispute

Besosa argues that it was error for the district court to grant the defendants' summary judgment motion because it did so while a discovery dispute over a subpoena that Besosa had issued remained pending.  The defendants had sought to quash Besosa's subpoena after they moved for summary judgment but before Besosa had filed her summary judgment opposition.  While the dispute was pending, Besosa filed her objection to the defendants' summary judgment motion; she did not, however, file a motion under Federal Rule of Civil Procedure 56(d).

"[T]he fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion."  Nieves-Romero v. United States, 715 F.3d 375, 380 (1st Cir. 2013).  While Besosa filed motions seeking hearings before a magistrate judge to resolve the subpoena dispute and noted that dispositive motions were pending, she did not pair those motions with a request that the district court refrain from resolving the summary judgment motion.  See id. (observing that "plaintiff's request to reopen discovery was not coupled with a request to withhold adjudication of the pending summary judgment motion").  Nor did Besosa mention the discovery dispute in her summary

---

apply, the stay issue was "not clear-cut," and the judgment resulted in dismissal on the merits).

judgment opposition. See Jones v. Secord, 684 F.3d 1, 6 (1st Cir. 2012) (noting that Rule 56(d) is not self-executing).

Besosa should have invoked Rule 56(d) if she believed that she needed more time to gather necessary information to adequately respond to the defendants' summary judgment motion. Under Rule 56(d), a party opposing summary judgment may gain relief by showing reasons that "it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). The rule "affords a safety net" so that "judges will not 'swing[] the summary judgment axe too hastily.'" Jones, 684 F.3d at 6 (alteration in original) (quoting Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007)). The Rule 56(d) remedy was available to Besosa, but it was her obligation to invoke it. See id. To do so, she needed to provide an authoritative submission explaining the present factual deficiency, the basis for believing that the needed facts could be gathered in a reasonable time, and how the missing facts would influence the summary judgment outcome. Id. She made no such submission.

Besosa argues that it was the district court's fault for not recognizing the unresolved discovery dispute before ruling on the summary judgment motion. We have rejected that argument before and do so again here. See id. (noting that federal district courts have crowded dockets, and it is a litigant's responsibility, and not the court's, to "determine whether some

timing problem [as to discovery] might exist in connection with a summary judgment motion").  Besosa's failure to exercise her rights in the district court makes her argument about the unresolved discovery dispute untenable on appeal.

### B.    Summary Judgment

Besosa separately challenges the merits of the district court's summary judgment ruling.  We review the grant of summary judgment de novo.  MacRae v. Mattos, 106 F.4th 122, 132 (1st Cir. 2024).  Taking the facts and all reasonable inferences in the light most favorable to Besosa, we ask whether the defendants are nevertheless entitled to judgment as a matter of law.[2]  Id.

Besosa's lead claim falls under 42 U.S.C. § 1983, alleging malicious prosecution by Officer Rivera and Prosecutor Santana.  She claims that they violated her Fourth Amendment rights by placing her in pretrial detention.[3]  To establish a malicious

---

[2]    Besosa contends, in part, that the district court relied on erroneous facts in granting summary judgment.  None of the alleged factual disputes that Besosa identifies are material to the summary judgment ruling and, in any event, she has not identified record citations for several of the claimed discrepancies.  See United States v. Martínez-Hernández, 118 F.4th 72, 98 (1st Cir. 2024) (deeming arguments waived when a litigant failed to provide record citations to evidence to which he objected).

[3] Besosa also brought a malicious prosecution claim against Attorney Capó, Santana's supervisor, but she has not provided any record citations in support of her assertions against Capó.  Nor have we found any support in our own review of the record. Moreover, Besosa's legal argument as it relates to Capó is, at

prosecution claim under § 1983 based on pretrial detention, Besosa must establish that the defendants caused her seizure pursuant to legal process unsupported by probable cause and that the criminal proceedings terminated in her favor.[4] Pagán-González v. Moreno, 919 F.3d 582, 601 (1st Cir. 2019). Where, as here, Besosa was arrested and detained based on a judicial order predicated on probable cause, she could establish § 1983 liability for malicious prosecution only by showing that a government official presented evidence in violation of the standard established in Franks v. Delaware, 438 U.S. 154 (1978). See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013). The Franks standard recognizes that a Fourth Amendment violation may exist despite a magistrate-issued warrant based on probable cause where an official submits material information to the magistrate in bad

_____

best, cursory. For these reasons, we reject Besosa's claims against Capó for inadequate appellate presentation. See Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 111 (1st Cir. 2014) (finding perfunctory briefing insufficient to preserve issue for appellate consideration).

[4] Besosa also makes a stray reference to a § 1983 claim based on abuse of process but has described only the elements for malicious prosecution. She similarly mentions several constitutional provisions but does not explain how they support a malicious prosecution claim. Therefore, we will treat Besosa as having brought a claim based only on malicious prosecution in violation of the Fourth Amendment. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

faith, i.e., the officer submitted information that the officer knew involved a deliberate falsehood or submitted information in reckless disregard of the truth.  Id.  The standard also extends to deliberate or reckless omissions of material information.  See United States v. Tanguay, 787 F.3d 44, 49 (1st Cir. 2015).

Besosa's first claim is that Officer Rivera and Prosecutor Santana violated Franks because each of them failed to adequately investigate Santiago's allegations against her before seeking an arrest warrant.  We disagree.[5]

"As a general rule, a[n] . . . officer planning to apply for a warrant has no duty to 'investigate a matter fully.'"  United States v. Barbosa, 896 F.3d 60, 71 (1st Cir. 2018) (quoting Tanguay, 787 F.3d at 51).  Nor is an officer who is seeking a warrant required "to 'exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence.'"  Tanguay, 787 F.3d at 51 (1st Cir. 2015) (quoting Beard v. City of Northglenn, 24 F.3d 110, 116 (10th Cir. 1994)).  When an officer has no reason to doubt the veracity of the information

---

[5]     In the defendants' brief in this Court, the defendants press immunity defenses as an alternative basis for affirmance. Given the possible issues about the defendants' brief being filed in violation of the automatic stay, we resolve this appeal solely based on the arguments made in Besosa's opening brief that challenge the district court's rulings, which do not implicate any immunity arguments.

that the officer plans to present, a failure to take further steps to verify that information does not violate Franks. Id. at 52.

We have recognized, however, that in limited circumstances the failure to investigate may lead to a finding of reckless disregard for the truth. See id. at 53. That could be so where the officer submitted material information in support of probable cause even though the officer had "obvious reasons" to doubt the veracity of the allegations or the credibility of the person making the allegations. Id. at 54 (quoting St. Amant v. Thompson, 390 U.S. 727, 732 (1968)). Faced with such a "red flag[,]" an officer may have a duty to investigate further before applying for a warrant. Id. at 53.

Besosa has not identified any "red flag" evidence known to Officer Rivera or Prosecutor Santana when they sought the arrest warrant against her. Officer Rivera interviewed Santiago and believed him to be truthful. He therefore presented Santiago to Prosecutor Santana. Santana, in turn, interviewed Santiago again, obtained Santiago's statement under oath, spoke to Santiago's attorney, and obtained documents in that attorney's possession. Besosa's assertion that more investigation was possible is irrelevant in the absence of any proof that the defendants possessed information suggesting that Santiago was providing false facts or that there was some other obvious reason to disbelieve him. See id.

- 14 -

Besosa also contends that she has presented a triable § 1983 claim for malicious prosecution because the defendants presented false information at the second Rule 6 hearing, which resulted in the judge issuing the arrest warrant. There are at least two fatal problems with this argument. First, we do not have an English translation of the second Rule 6 hearing. We therefore have no basis for determining whether the substitute prosecutor presented false information to the judge who found probable cause. See Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) (noting "the outcome of a case" should not "turn on a non-English language document"). Second, even assuming the substitute prosecutor did provide false information to the judge, it is undisputed that neither Officer Rivera nor Prosecutor Santana was present at the second Rule 6 hearing.

Besosa attempts to circumvent this second problem by asserting that the defendants provided false information to the substitute prosecutor who handled the hearing, and therefore the substitute prosecutor acted as a conduit for the alleged falsities. But Besosa points to no evidence for that assertion, and her unsupported conjecture provides no basis for defeating summary judgment. See Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 313 (1st Cir. 2016) (stating that "a nonmovant cannot rely 'merely upon conclusory allegations, improbable inferences, and unsupported speculation'" to defeat a summary judgment motion

- 15 -

(quoting Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir. 2014)).[6]

Besosa's final argument appears to be that her rights were violated because she was not informed of the Rule 6 hearings during which the defendants' request for an arrest warrant was considered. There are also multiple problems with this argument. First, Besosa has not identified any case (and we are unaware of one) holding that a person has a federal constitutional right to be present at a hearing where a magistrate finds probable cause to issue an arrest warrant. Second, Commonwealth law does not appear to provide an absolute right to attend a Rule 6 hearing, especially where, as here, Besosa later obtained a preliminary hearing. See Pueblo v. North Caribbean, 162 D.P.R. 374 (P.R. 2004) (noting Rule 6 "authorizes the holding of a hearing in the absence of the defendant"). Third, as already mentioned, we have no English translation of the Rule 6 hearings, and Besosa has not pointed to

---

[6] Besosa also alleges malicious prosecution under Commonwealth law. This claim fails for largely the same reasons. Among other requirements, Commonwealth law requires the plaintiff to show that the defendant acted with malice and without probable cause. Díaz-Nieves v. United States, 858 F.3d 678, 687-88 (1st Cir. 2017). A claim for malicious prosecution fails where there is an arrest warrant based on a probable cause finding unless the warrant was obtained by the defendant presenting knowingly false testimony. See id. at 688. As already mentioned, Besosa's arrest warrant was issued based on a probable cause finding, and she has mustered no evidence suggesting that warrant was tainted by the knowing presentation of false testimony. Thus, Besosa's claim under Commonwealth law also fails.

any evidence that Officer Rivera or Prosecutor Santana are responsible for any false information that the substitute prosecutor may have provided to the judge at the second Rule 6 hearing.

In sum, Besosa demonstrated at her preliminary hearing that there was no probable cause for her prosecution. But that does not mean that her malicious prosecution claims based on pretrial detention necessarily succeed. If it were otherwise, the law "would provide a cause of action for every defendant acquitted -- indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 145 (1979). To survive summary judgment, Besosa needed to present evidence sufficient for a jury to conclude that the defendants obtained the probable cause ruling supporting the arrest warrant by presenting knowingly false information or presenting or omitting information with a reckless disregard for the truth. Besosa has pointed to no such evidence. Therefore, the district court correctly granted the defendants' motion for summary judgment.

### III. CONCLUSION

For the reasons stated, we **affirm** the judgment for the defendants.