# United States Court of Appeals

## For the First Circuit

No. 12-1907

ITZEL GARCÍA-CATALÁN,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Selya and Howard,

Circuit Judges.

Rubén T. Nigaglioni and Nigaglioni Law Offices P.S.C. on brief for appellant.
Rosa Emilia Rodríquez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.

November 4, 2013

**SELYA, <u>Circuit Judge</u>.**  In a pair of watershed cases —
<u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009), and <u>Bell Atlantic
Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 556 (2007) — the Supreme Court
retreated from the historic pleading standard that it had
previously established in <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 45-48
(1957), and replaced that standard with a standard centered on
plausibility.  This plausibility standard has become the "new
normal" in federal civil practice.  <u>A.G.</u> v. <u>Elsevier, Inc.</u>, ___
F.3d ___, ___ (1st Cir. 2013) [No. 12-1559, slip op. at 2].

The district courts, through no fault of their own, have
struggled with the implementation of the new standard.  As with
many changes in preexisting practice, the devil is in the details.

This case illustrates the point.  In it, the district
court, in a well-intentioned effort to walk the new line, applied
the plausibility standard too mechanically.  As a result, it
improvidently dismissed the plaintiff's complaint.  We reverse.

In her complaint, plaintiff-appellant Itzel García-
Catalán alleges that on June 24, 2009 she visited the commissary at
Fort Buchanan in Guaynabo, Puerto Rico.  While strolling through
one of the aisles, she "slipped and fell on liquid then existing
there," sustaining serious injuries. No sign warned that the floor
was wet.

The appellant duly filed an administrative claim with the
United States.  After the statutory period for disposition of her

claim expired without a decision, see 28 U.S.C. § 2675(a), the appellant repaired to the federal district court and sued the United States for the negligence of its employees at the commissary. She premised her action on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

"The FTCA is a limited waiver of the federal government's sovereign immunity" with respect to tortious conduct of federal employees. Shansky v. United States, 164 F.3d 688, 690 (1st Cir. 1999). "The 'law of the place' [where the alleged tort occurred] provides the substantive rules to be used in deciding FTCA actions." Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). Here, the substantive law of Puerto Rico controls.

In due course, the government moved to dismiss the complaint for failure to state a claim upon which relief could be granted.[1] Fed. R. Civ. P. 12(b)(6). Under Puerto Rico law, a business invitee must prove that the owner or occupier of premises had actual or constructive knowledge of a dangerous condition in order to recover for injuries caused by that condition. See Nieves-Romero v. United States, 715 F.3d 375, 379 (1st Cir. 2013) (construing Puerto Rico law); Mas v. United States, 984 F.2d 527,

---

[1] The government also sought dismissal of the complaint for insufficiency of service of process. See Fed. R. Civ. P. 4(i). The district court denied this motion, allowing the appellant to cure this defect. The government has not challenged this ruling and we do not address the issue.

530 (1st Cir. 1993) (same).  Here, the government argued that the appellant had failed to allege that federal employees had actual or constructive knowledge of the dangerous condition that allegedly existed at the commissary.

The district court referred the motion to a magistrate judge.  <u>See</u> Fed. R. Civ. P. 72(b).  The magistrate judge recommended that the motion be denied.  The government did not object to this recommendation.

Some three months later, the district court revisited the magistrate judge's recommendation on its own initiative.  The court disagreed with the recommendation, granted the motion, and dismissed the complaint with prejudice.  <u>See</u> <u>García-Catalán</u> v. <u>United States</u>, No. 11-1192, 2012 WL 639250, at *8 (D.P.R. Feb. 8, 2012).  Following the district court's rejection of her motion for reconsideration, the appellant prosecuted this timely appeal.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's dismissal of a complaint for failure to state a claim.  <u>See</u> <u>Santiago</u> v. <u>Puerto Rico</u>, 655 F.3d 61, 72 (1st Cir. 2011); <u>SEC</u> v. <u>Tambone</u>, 597 F.3d 436, 441 (1st Cir. 2010) (en banc).  "In conducting this review, we accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor."  <u>Grajales</u> v. <u>P.R. Ports Auth.</u>, 682 F.3d 40, 44 (1st Cir. 2012).

To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In fine, the claim must be "plausible on its face." Id. (internal quotation marks omitted).

The plausibility inquiry necessitates a two-step pavane. See Rodríguez-Reyes v. Molina-Rodríquez, 711 F.3d 49, 53 (1st Cir. 2013). First, the court must distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). Second, the court must determine whether the factual allegations are sufficient to support "the reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

In determining whether a complaint crosses the plausibility threshold, "the reviewing court [must] draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. This context-specific inquiry does not demand "a high degree of factual specificity." Grajales, 682 F.3d at 47. Even so, the

-5-

complaint "must contain more than a rote recital of the elements of a cause of action." Rodríquez-Reyes, 711 F.3d at 53.

We emphasize that the complaint must be read as a whole. See Elsevier, ___ F.3d at ___ [slip op. at 11]. As we have explained, "[t]here need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." Rodríquez-Reyes, 711 F.3d at 55. "For pleading purposes, circumstantial evidence often suffices to clarify a protean issue." Id. at 56 (internal quotation marks omitted).

In the case at hand, the complaint averred that there was a dangerous condition at the Fort Buchanan commissary; described that condition and attributed it to the government's negligence; and linked the condition to the appellant's ensuing injuries. Read holistically, we think that these allegations are sufficient to withstand the government's Rule 12(b)(6) motion to dismiss. Common sense suggests that the existence of a dangerous condition, not hidden from view, in a public area controlled by the defendant, supports a plausible inference that the defendant had actual or constructive knowledge of the condition.

We do not quarrel with the district court's erudite statement of the substantive law of premises liability. See García-Catalán, 2012 WL 639250, at *5-6. Here, however, the court applied the new pleading standard too mechanically to the case before it. Viewing the complaint holistically, we conclude that

the appellant has pleaded sufficient facts to "provide fair notice to the defendant[] and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The circumstances in the complaint create a reasonable expectation that discovery may yield evidence of the government's allegedly tortious conduct. No more is exigible. See id. at 17.

Our decision in Mas, much bruited by the government, is not to the contrary. There, we affirmed the district court's entry of judgment for the defendant because the plaintiff failed to prove at trial that the defendant had knowledge of the dangerous condition that allegedly caused the plaintiff's injuries. See Mas, 984 F.2d at 528, 530. But Mas is a horse of a different hue. That case dealt with the insufficiency of proof at trial, not with any deficiency in the pleadings; and it is manifestly improper to import trial-stage evidentiary burdens into the pleading standard. See, e.g., Rodríguez-Reyes, 711 F.3d at 53-54.

So, too, our decision in Nieves-Romero does not assist the government's cause. There, we affirmed a grant of summary judgment for the defendant in a premises liability case on the ground that the plaintiff had adduced no competent proof of the defendant's actual or constructive knowledge of the allegedly dangerous condition. See 715 F.3d at 379-80. But summary judgment, like a trial, hinges on the presence or absence of evidence, not on the adequacy of the pleadings. In light of this

important distinction, the standards for granting summary judgment are considerably different from the standards for granting a motion to dismiss. See, e.g., Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151 (1st Cir. 2006) (observing that "plaintiffs bear a heavier burden at the summary judgment stage" than at the pleading stage). It follows that the holding in Nieves-Romero has no real bearing on the question that confronts us.

If more were needed — and we doubt that it is — two additional considerations support the conclusion that this litigation should go forward.

For one thing, the appellant's complaint is plainly modeled on Form 11 of the Appendix to the Federal Rules of Civil Procedure.[2] The complaint disclosed the date, time, and place of the alleged tort, and it delineated both the nature of the dangerous condition at the commissary and the resulting injuries to the appellant. At least two courts of appeals have concluded that

_____

[2] The text of Form 11 reads in relevant part:

    1.  (Statement of Jurisdiction — See Form 7.)

    2.  On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.

    3.  As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $_____.

Therefore, the plaintiff demands judgment against the defendant for $_____, plus costs.

-8-

the standard announced in <u>Twombly</u> and <u>Iqbal</u> does not undermine the viability of the federal forms as long as there are sufficient facts alleged in the complaint to make the claim plausible. <u>See</u> <u>K-Tech Telecomm., Inc.</u> v. <u>Time Warner Cable, Inc.</u>, 714 F.3d 1277, 1283-84 (Fed. Cir. 2013); <u>Hamilton</u> v. <u>Palm</u>, 621 F.3d 816, 818 (8th Cir. 2010).

We share this view. It pays due homage to Federal Rule of Civil Procedure 84, which declares that "[t]he forms in the Appendix suffice." Fed. R. Civ. P. 84. Honoring Rule 84 is, in turn, consistent with the Supreme Court's instruction that the Civil Rules may not be amended by "judicial interpretation." <u>Leatherman</u> v. <u>Tarrant Cnty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993).

For another thing, "some latitude may be appropriate" in applying the plausibility standard in certain types of cases. <u>Menard</u> v. <u>CSX Transp., Inc.</u>, 698 F.3d 40, 45 (1st Cir. 2012) (internal quotation marks omitted). Generally speaking, these are cases in which a material part of the information needed is likely to be within the defendant's control. <u>See</u> <u>id.</u> This is such a case: it cannot reasonably be expected that the appellant, without the benefit of discovery, would have any information about either how long the liquid was on the floor or whether any employees of the commissary were aware of the spill. <u>Cf.</u> <u>Grajales</u>, 682 F.3d at

49 (noting that "'[s]moking gun' proof of discrimination is rarely available . . . at the pleading stage").

We add, moreover, that the plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case.  See Twombly, 550 U.S. at 556 (requiring, as a hallmark of plausibility, that a complaint contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence").  Given what the appellant has set forth in her complaint, it is reasonable to expect that "modest discovery may provide the missing link" that will allow the appellant to go to trial on her claim.  Menard, 698 F.3d at 45.

We need go no further.[3]  For the reasons elucidated above, we hold that the appellant's complaint contains sufficient factual content to support a plausible claim for negligence against the United States.  Consequently, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**

---

[3] In view of our determination that the complaint is sufficient as it stands, we need not address the appellant's contention that the district court abused its discretion in refusing to allow the appellant an opportunity either to amend or supplement her pleadings.