Elga L. MONELL–ACEVEDO, et al., Plaintiffs,

v.

Victor M. EMERIC–CATARINEAU, et al, Defendants.

**Civil No. 13–1824 (PAD).**

United States District Court, D. Puerto Rico.

Signed Sept. 30, 2014.

---

Claudio Aliff–Ortiz, David R. Rodriguez–Burns, Sheila J. Torres–Delgado, Eliezer Alberto Aldarondo–Lopez, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Aldarondo & Lopez Bras, Guaynabo, PR, for Plaintiffs.

Angel J. Valencia–Gatell, Department of Justice of Puerto Rico, San Juan, PR, Carmen Astacio–Caraballo, Condominio Vista Real, Fajardo, PR, for Defendants.

## OPINION AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

This is an action for declaratory and injunctive relief and damages under Federal and Puerto Rico law. Before the Court is Victor M. Emeric–Catarineau's and Gladys A. Suarez–Ortiz's "Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)"—Docket No. 16—which the Municipality of Vieques joined at Docket No. 28. For the reasons stated below, defendants' request is GRANTED IN PART AND DENIED IN PART.

## I. FACTUAL BACKGROUND

Plaintiffs Omar Torres–Santiago, Mayra A. Castro–Ramos, Elga L. Monell–Acevedo, María A. Mercado, Carmen Figueroa–Navarro, José R. Ojeda–Guerra, Awilda Corcino–Ramos, Eladio Díaz–Pimentel, Aura C. Rosario–Acevedo, Rose M. Vázquez, William N. Miro–Hodge, Pablo Peterson–Castro, Vilma Santiago, José M. Morales–Troche, Jessica Alvarado–Reyes, Reily Flores–Garcia, Rafael González–Valencia, Luis F. Rodríguez–De Jesús, and Nauri Rivera–Garcia, allege that their employment with the Municipality of Vieques terminated because of their political affiliation in violation of the First Amendment and the Due Process Clause of the United States Constitution, and of Puerto Rico's Constitution and laws. (*Id.* at ¶¶ 8, 430–433).

Defendants contend dismissal is appropriate under Fed.R.Civ.P. 12(b)(6) because the complaint does not plead sufficient facts to state a claim upon which relief can be granted under the First, Fifth and Fourteenth Amendments; and the doctrine established in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) shields them from liability in this case (Docket No. 16 at pp. 17–19).

## II. STANDARD OF REVIEW

To survive a motion under Fed.R.Civ.P. 12(b)(6), a complaint must allege a plausible entitlement to relief. *Rodríguez–Vives v. Puerto Rico Firefighters Corps,* 743 F.3d 278, 283 (1st Cir.2014); *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 53 (1st Cir.2013); *Rodríguez–Ortiz v. Margo Caribe,* 490 F.3d 92, 95 (1st Cir.2007).

Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true)

from conclusory allegations (which need not be .credited). *García–Catalán v. United States,* 734 F.3d 100, 103 (1st Cir.2013); *Morales–Cruz v. Univ. of P.R.,* 676 F.3d 220, 224 (1st Cir.2012). Even though detailed factual allegations are not required, more than labels and conclusions are needed. *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir.2011). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

### a. First Amendment Claims

█ A careful evaluation of each of the 433 paragraphs in the Amended Complaint and applicable law confirms plaintiffs have adequately pleaded· a First Amendment claim. *For example,* plaintiffs have alleged that (i) Vieques is one of Puerto Rico's two small island-municipalities with a small population where most residents know each other by face and name (*Id.* at ¶ 38); (ii) the workplace for municipal employees is very small, where all municipal employees know and regularly interact with each other (*Id.*); (iii) politics is a common discussion topic amongst them and the political affiliation of employees such as the plaintiffs is well known to their fellow employees and to the Vieques com-

munity in general (*Id.*); (iv) after the 2008 General Election, employees affiliated to the Popular Democratic Party ("PDP") began subjecting them to ·a pattern and custom of harassment and discrimination and telling them that their days were counted (*Id.* at ¶ 62, 70[1]); (v) defendant Emeric openly expressed his desire to get rid of his political opponent prior to terminating plaintiffs (*Id.*); (vi) defendant Suarez made clear that the government had changed and Emeric had the prerogative to choose who stays and who goes (*Id.* at ¶ 147); (vii) the alleged threats materialized when plaintiffs were deprived of their jobs just days after the change in administration on reasons that they contend are false and were replaced by loyal political Emeric followers (*Id.* at ¶¶ 62–69, 74–76).

The amended complaint further asserts that (i) Emeric and Suarez were personally involved in the terminations, executed the same and signed the termination letters (*Id.* at ¶¶ 75–79, 90–93); (ii) after receiving the letters, some plaintiffs met with Suarez-Ortiz to discuss the reasons behind their termination and expressed their beliefs as to the political motivations behind the same; and (iii) defendants gave false reasons to terminate plaintiffs and for substituting them with individuals loyal to the new administration (*Id.* at ¶ 73–79). .

Viewing the pleadings as a whole, they appear to state a colorable First Amendment claim. On this ground, the motion to dismiss must be denied.[2] The *Mt. Healthy*

---

**1.** Paragraph 70 specifically avers that Emeric "... brazenly admitted and specifically made reference to the fact that Plaintiffs were NPP [New Progressive Party] sympathizers and/or had supported or endorsed Delerme–Camacho during the 2012 political campaign as a reason to refuse to renew Plaintiffs' contracts and recall them to fill their former positions. Defendant Emeric–Catarineau even had the nerve to say to a Plaintiff, 'I'll allow you to stay working here a few more days, but I am

getting rid of the rest of you all', clearly referring to employees affiliated to the NPP and/or who supported Delerme–Camacho— . such as the Plaintiffs—as no employee perceived as being affiliated to the PDP was later subjected to adverse employment actions."

**2.** The Court did not consider the exhibits at- · tached in support of defendants' motions to dismiss since the "narrow exception" that would allow consideration of documents out-

defense does not require a different result. Courts in this district have previously found this defense to be inapplicable when evaluating the sufficiency of pleadings. *See, Landrón & Vera, LLP v. Somoza–Colombani,* 2013 WL 2422807, *8 (D.P.R. June 3, 2013) and cases cited therein (discarding defendants' *Mt. Healthy* defense at the motion to dismiss stage); *see also, Marti–Novoa v. Fortuño–Burset,* 2010 WL 3981917, *9 (D.P.R. September 30, 2010) (holding that the *Mt. Healthy* burden-shifting analysis is not applicable at the pleadings stage). The Court finds no reason to deviate from these rulings, and will accordingly refrain from analyzing the defense in the context of the present litigation at this juncture

### b. Fifth Amendment

█ In support of their request to dismiss plaintiffs' claims under the Fifth Amendment, defendants argue they are not federal actors and, as such, "there is no such thing as a Fifth Amendment due process of law protection." *Id.* at p. 21.[3] The First Circuit has held that this Amendment applies only to actions of the federal government—not to those of state or local governments. *Martínez–Rivera v. Sánchez Ramos,* 498 F.3d 3, 8 (1st Cir. 2007). Given that none of the defendants has been alleged to be a federal actor, the fifth amendment claim must be dismissed.

### c. Supplemental state-law claims

Because defendants' request to dismiss Plaintiffs' state-law claims is based on the assumption that the Court will dismiss the

side of the complaint is inapplicable here. *Carrero–Ojeda v. Autoridad de Energía Eléctrica,* 755 F.3d 711, 716–717 (1st Cir.2014).

**3.** The Court understands that plaintiffs Peterson–Castro, Rodríguez–De Jesús, Flores–Garcia and Monell–Acevedo also allege a violation of their Due Process Rights under the

federal claims, their request must be denied.

## IV. CONCLUSION

In light of the standard applicable to motions under Fed.R.Civ.P. 12(b)(6), defendants' motion at Docket No. 16 is GRANTED IN PART AND DENIED IN PART as follows:

1. The request to dismiss plaintiffs' First Amendment claims is DENIED;

2. To the extent plaintiffs' due process claims were brought under the Fifth Amendment, defendants' request is GRANTED;

3. The request to dismiss the state-law claims is DENIED.

Defendants may choose to revisit their dismissal request on a motion for summary judgment under Fed.R.Civ.P. 56 on a later date, after conducting discovery.

**SO ORDERED.**

Fourteenth Amendment. In the Amended Complaint, they allege defendants deprived them of "... the rights afforded by the Due Process Clauses of the Fifth **and/or** Fourteenth Amendments to the Constitution of the United States." *See,* Docket No. 5 at ¶ 429 (emphasis added).