Carmen **RODRIGUEZ–CARDI, Plaintiff,**

v.

**MMM HOLDINGS, INC., Defendant.**

**Civil No. 14–1854 (PAD).**

United States District Court,
D. Puerto Rico.

Signed June 8, 2015.

Enrique J. Mendoza–Mendez, Mendoza Law Office, San Juan, PR, Juan R. Davila–Diaz, Hato Rey, PR, for Plaintiff.

Katherine Gonzalez–Valentin, Ferraiuoli LLC, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

DELGADO–HERNÁNDEZ, District Judge.

Carmen Rodríguez–Cardi initiated this action against her former employer, MMM Holdings, Inc., claiming MMM discriminated against her because of her age and engaged in prohibited retaliation against her for having complained of discriminatory practices in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and Puerto Rico law (Docket No. 13).

MMM moved to dismiss the ADEA retaliation claim under Fed.R.Civ.P. 12(b)(6), pointing out that plaintiff never complained of retaliatory acts before the Puerto Rico Anti–Discrimination Unit ("ADU") (Docket Nos. 7 and 17). Plaintiff opposed (Docket Nos. 10 and 18), and MMM replied (Docket Nos. 16). For the reasons that follow, the Court GRANTS MMM's motion and dismisses the retaliation action under the ADEA.

## I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. *Rodríguez–Vives v. Puerto Rico Firefighters Corps.*, 743 F.3d 278, 283 (1st Cir.2014); *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 53 (1st Cir.2013); *Rodríguez–Ortiz v. Margo Caribe*, 490 F.3d 92, 95 (1st Cir.2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). *García–Catalán v. United States*, 734 F.3d 100, 103 (1st Cir.2013); *Morales–Cruz v. University of Puerto Rico*, 676 F.3d 220, 224 (1st Cir.2012).

While detailed factual allegations are not required, more than labels and conclusions are needed. *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir.2011). Where the well-pleaded facts do not permit the court to infer more than the mere possibility that a defendant may be liable, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[1]

## II. DISCUSSION

Before an employee may sue in federal court on an ADEA claim, she must first exhaust administrative remedies. The ADEA administrative process begins with the timely filing of a charge with the Equal

---

1. A motion to dismiss tests the sufficiency of the pleadings. A court may not ordinarily consider materials outside the pleadings unless the motion is converted into one for summary judgment. *Carrero–Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 716–717 (1st Cir.2014). In the instant case, the court will consider the document attached to MMM's motion to dismiss, that is, the ADU charge, for it is referenced in the complaint and the administrative record is a public record of which the court may take judicial notice. *Maldonado–Cordero v. AT & T*, 73 F.Supp.2d 177, 185 (D.P.R.1999).

Employment Opportunity Commission or an equivalent state or local fair employment practice agency such as the ADU. *Thornton v. United Parcel Service, Inc.*, 587 F.3d 27, 31 (1st Cir.2009).[2]

In general, the charge is a statement sufficiently precise to identify the parties, and to describe the action or practices complained of. 29 C.F.R. §§ 1626.6, 1626.8. To the extent the facts supporting a retaliation claim occurred before the charge was filed, facts about the claim must be included in the charge. *Rodríguez v. Schein, Inc.*, 813 F.Supp.2d 257, 263 (D.P.R.2011). Otherwise, the complaining party is foreclosed from judicially pursuing the matter. *Id.* at 264. Such is the case here.

Plaintiff alleges that MMM retaliated against her after she complained to Mr. Roberto Rodríguez (her supervisor) of discriminatory conduct (Docket No. 13 at ¶ 11). In her view, termination was the "ultimate adverse employment action" suffered because of the retaliation. *Id.*

Given that the retaliatory conduct occurred prior to the filing of the ADU charge, plaintiff was required to include it in the charge if she wished to pursue the claim any further. The charge, however, is silent as to retaliatory conduct. There is no reference to it nor mention that plaintiff complained to her supervisors about any discrimination or that this lead to her termination. Thus, there is no plausible retaliation claim under the ADEA.

### III.  CONCLUSION

For the reasons stated, MMM's motions at Docket Nos. 7 and 17 are GRANTED. Because plaintiff concedes that her claim under P.R. Law 115 fails as a matter of law (Docket No. 18 at ¶ 3), that claim is also dismissed with prejudice.

**SO ORDERED.**

2. The timely-charge requirement has been treated as a condition precedent to bringing suit before a federal court. *Maldonado–Cordero*, 73 F.Supp.2d at 184.