Villanueva VELAZQUEZ–
ORTIZ, Plaintiff(s),

v.

Jose NEGRON–FERNANDEZ, former Secretary of the P.R. Department of Corrections and Rehabilitation, and his conjugal partnership; Superintendent Vazquez, Superintendent of the Bayamon 705 Correctional Facility, and his conjugal partnership; Richard Doe; and Susan Doe, all in their personal and individual capacities; and Insurance Carriers A and B, Defendant(s).

Civil No. 15–1164 (DRD)

United States District Court,
D. Puerto Rico.

Signed March 31, 2016

Guillermo J. Ramos–Luina, San Juan, PR, for Plaintiff(s).

Idza Diaz–Rivera, P.R. Department of Justice–Federal Litigation, San Juan, PR, for Defendant(s).

## AMENDED OPINION AND ORDER

DANIEL R. DOMINGUEZ, United States District Judge

Pending before the Court are the following motions, to wit: (a) *Motion to Dismiss* Pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*, filed by Defendants Jose Negron Fernandez, et. al., Docket No. 11, and (b) *Plaintiff's Response in Opposition to Motion to Dismiss*, Docket No. 14. For the reasons set forth below, the Defendants' Motion to Dismiss is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Villanueva Velazquez Ortiz (hereinafter "Plaintiff"), a former correctional officer, was incarcerated in the Bayamon 705 Correctional Facility on June 17, 2013 for civil contempt associated with a child support debt. Docket No. 1, at page 2, ¶ 2.1. Prior to his incarceration, Plaintiff had requested disability benefits to the Social Security Administration. Docket No. 1, at page 3, ¶ 3.1; Docket No. 11, at page 1. The Social Security Administration denied Plaintiff's disability request by letter dated July 2, 2013, mailed to his postal address in the free community. *Id.*

Subsequently, on or about October 29, 2013, Plaintiff's mother mailed several medical records of Plaintiff's various physical and mental conditions to the prison where Plaintiff was confined. Docket No. 1, at page 4, ¶ 3.3. Plaintiff allegedly needed these documents in order to file an appeal with the Social Security Administration. *Id.* Prison officials, purportedly following the policies and procedures established by Defendants Jose Negron Fernandez (hereinafter "Defendant Negron" or "Negron"), who was the Secretary of Corrections and Rehabilitation of the Commonwealth of Puerto Rico at the time of Plaintiff's incarceration, and Superintendent Vazquez (hereinafter "Defendant Vazquez"), Superintendent of the Bayamon 705 prison facility, allegedly refused the

documents and returned them by mail to Plaintiff's mother. Docket No. 1, at page 4, ¶ 3.3–3.4.

Later, in late February of 2014, Plaintiff's brother visited Plaintiff in prison and attempted to deliver the documents personally to Plaintiff. Docket No. 1, at page 4, ¶ 3.4. However, due to instructions purportedly given by Defendant Vazquez and the lack of proper procedures implemented by Defendant Negron, Plaintiff's brother was not allowed to enter the documents to prison or leave them there for Plaintiff. *Id.*

Aside from the pleading request before the Social Security Administration, Plaintiff also filed a motion *pro se* with the Puerto Rico First Instance Court, requesting a reduction in his monthly child support payments after his incarceration. Docket No. 1, at page 4, ¶ 3.6. The First Instance Court referred the motion to an Examiner, who on January 29, 2014, issued a Report and Recommendation denying Plaintiff's request. Docket No. 1, at page 4, ¶ 3.7. Later, through an order dated February 13, 2014, the First Instance Court adopted the Examiner's recommendation, and, on or about February 19, 2014, notified Plaintiff of its denial by mail. *Id.*

Plaintiff then filed a *pro se* request for reconsideration with the First Instance Court. Docket No. 1, at page 4, ¶ 3.7. He also requested assistance with the research and drafting of other motions that he wished to file with the First Instance Court to either obtain a reduction in child support payments or his early release from prison. Docket No. 1, at pages 4–5, ¶ 3.7. To that end, on February 27, 2014, Plaintiff submitted an internal grievance within the Department of Corrections and Rehabilitation (hereinafter "DCR") administrative claims procedure, requesting that he be "urgently" visited by DCR paralegals, as provided by Paragraph 19 of the Settlement Accord approved by the court in the *Morales Feliciano* Litigation on December 13, 2012, Civil No. 79–004, Docket No. 10196 (hereinafter "Settlement Accord"). Docket No. 1, at page 5, ¶ 3.8.[1]

On March 25, 2014, prison officials responded to Plaintiff's internal grievance, stating that the paralegals were not available at that time. Docket No. 1, at page 5, ¶ 3.9. On May 15, 2014, Plaintiff was released from prison, and eventually filed the instant complaint on February 23, 2015. Docket No. 1, at page 2, ¶ 2.1. The complaint states a violation of Plaintiff's federally protected right of access to court, in contravention of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States. It also includes supplemental claims under Puerto Rico law. The defendants, all of whom were sued in their personal and individual capacities only, are Defendants Negron and Vazquez, their spouses and conjugal partnerships, as well as two unnamed prison officials and employees of the DCR identified as Richard Roe and Susan Doe, and Insurance carriers A and B.[2] Docket No. 17.

---

1. Paragraph 19 of the Settlement Accord states specifically:

> The DCR will employ two (2) paralegals, fluent in Spanish and English, which will provide services to all DCR libraries. A procedure shall be maintained whereby the paralegals will regularly visit all DCR institutions, but will also be available for personal appointments upon request. *Morales*

*Feliciano v. Fortuño Burset,* USDC–PR Civil No. 79–4 (PJB–LM).

2. The record shows that only Defendant Negron and the conjugal partnership formed between him and his spouse were served with process. Docket entries No. 6 and 7. No other service of process was effectuated. As such, the Court will only proceed as to the claims against Defendant Negron personally

On August 11, 2015, Defendant Negron, represented by the Puerto Rico Department of Justice, filed a *Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*. Docket No. 11. Defendant Negron raised four arguments in the motion: (a) failure to state a claim upon which relief can be granted under 42 U.S.C § 1983; (b) failure to state a claim under the Fifth Amendment; (c) failure to state a claim under the Fourteenth Amendment, and (d) failure to state a claim for denial to access to courts. On September 21, 2015, Plaintiff filed a *Response in Opposition to the Motion to Dismiss*, stating that Plaintiff had sufficiently plead a claim for deprivation of his right to access to courts. Docket No. 14.

## APPLICABLE LAW AND DISCUSSION

### Motion to Dismiss Standard under Rule 12(b)(6)

#### Dismissal of pleading for failure to state a claim upon relief can be granted.

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio–Hernandez v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir.2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).') (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (cita-

tion omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570, 127 S.Ct. 1955; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, and *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677–679, 129 S.Ct. 1937 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.' " *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal*, 556 U.S. 678, 129 S.Ct. 1937) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679, 129 S.Ct. 1937. This second step is "context-specific" and

and the conjugal partnership formed between him and his spouse.

requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.' " *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679–80, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 567, 127 S.Ct. 1955). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio–Hernandez,* 640 F.3d at 12, (citing *Iqbal,* 556 U.S. 679, 129 S.Ct. 1937).

The United States Court of Appeals for the First Circuit ("First Circuit") has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" ... "even if seemingly incredible." *Sepulveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 30 (1st Cir.2010) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955); *Ocasio–Hernandez,* 640 F.3d at 12 (citing *Iqbal,* 556 U.S. 679, 129 S.Ct. 1937); *see Twombly,* 550 U.S. at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio–Hernandez,* 640 F.3d at

12 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable' "). Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepulveda–Villarini,* 628 F.3d at 29. *See also Soto–Torres v. Fraticelli,* 654 F.3d 153, 159 (1st Cir.2011). In *Soto–Torres,* the Court held:

> "[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they will fail to cross 'the line between the conclusory and the factual.' " *Penalbert–Rosa v. Fortuño–Burset,* 631 F.3d at 595 (quoting *Twombly,* 550 U.S. at 557 n. 5, 127 S.Ct. 1955).

> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." [citing *Sepulveda–Villarini,* 628 F.3d at 29 (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937)(internal quotations omitted) ] .... When a complaint pleads facts that " 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " [citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) ].....

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert–Rosa v. Fortu-*

ño–Burset, 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal,* 556 U.S. at 681, 129 S.Ct. 1937("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical ... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth"); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.,* 621 F.3d 10, 14 (1st Cir.2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[ ] out rhetoric masquerading as litigation"). However, merely parroting the elements of a cause of action is insufficient. *Ocasio–Hernandez,* 640 F.3d at 12 (citing *Sanchez v. Pereira–Castillo,* 590 F.3d 31, 49 (1st Cir.2009)).

▮▮▮ The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *Garcia–Catalan v. United States,* 734 F.3d 100, 104 (1st Cir.2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly–Iqbal. Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury). (Internal citations and quotations omitted).

**Claims under 42 U.S.C. § 1983**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

▮▮▮ Two factors are required to establish a claim under Section 1983: "(1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989) (*citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds, *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)). *See also Johnson v. Mahoney,* 424 F.3d 83, 89 (1st Cir.2005); *Soto v. Flores,* 103 F.3d 1056, 1061–62 (1st Cir. 1997); *Martinez v. Colon,* 54 F.3d 980, 984 (1st Cir.1995); *Tatro v. Kervin,* 41 F.3d 9, 14 (1st Cir.1994). With regards to the second prong, there must be: (1) an actual deprivation of federally protected rights; and (2) a causal connection between the conduct complained of and the rights deprivation. *See Gutierrez–Rodriguez,* 882 F.2d at 559 (*citing Woodley v. Town of Nantucket,* 645 F.Supp. 1365 (1986)). *See also Maldonado v. Velazquez,* 821 F.2d 822, 831 (1st Cir.1987).

In the instant case, it uncontested that Defendant Negron was the duly appointed Secretary of the DCR at the time. How-

ever, our inquiry focuses on whether there was a federal constitutional deprivation of a constitutional right, as well as a causal connection between the Defendant's conduct and the alleged deprivation of Plaintiff's constitutional rights, by Defendant Negron who is not being sued in his official capacity but only in his personal capacity.

■ As to the first prong of Section 1983, the Court finds that Plaintiff failed to meet the requirements, as he simply alleges that Defendant Negron is "acting under color of state law" in his "personal capacity," as opposed to allege that Negron was acting in "his official capacity." Plaintiff alleges that Defendant Negron, acting under color of law and in his personal capacity, violated his rights under 42 U.S.C. § 1983 for alleged failure: (a) to deliver the mail personally brought to the institution by plaintiff's relatives regarding the Social Security appeal case; and (b) to provide paralegal assistance to lower his monthly child support payments. Plaintiff allegedly requested paralegals assistance only as to the reduction of the child support payments in order to be released from prison earlier, as required by the *Morales Feliciano* case, Civil No. 79–0004(PJB), Docket No. 10196. The Court notes that Plaintiff's request has been denied twice earlier by the state court.

A review of the record further shows that Plaintiff failed to meet the requirements of an action under Section 1983, as he failed to meet the second prong of the above test to demonstrate that his constitutional rights were deprived in any way. First, Plaintiff failed to show that there was a covered constitutional deprivation. Second, Plaintiff failed to show that there was a causal connection between Defendant Negron and Plaintiff's alleged federal deprivation of rights. The Court explains.

■ As to the second prong, a third element is required to prove a deprivation of a constitutionally protected right, that is, a showing of a causal connection between the specific defendant[s] and the plaintiff's federal rights deprivation. This may consist of direct acts by the defendant, certain acts performed at defendant's direction, knowledge or consent. *See generally Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir.1996); *Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 91–92 (1st Cir.1994); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d at 562; *Figueroa v. Aponte Roque*, 864 F.2d 947, 953 (1st Cir.1989).[3]

In *Torres Ocasio v. Melendez*, 283 F.Supp.2d 505, 514–515 (D.P.R.2003), the Court held:

[T]his second element of causal connection requires that the plaintiff establish: (1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell v. Department of Social Services*, 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutierrez–Rodriguez*, 882 F.2d at 562; *Figueroa v. Aponte–Roque*, 864 F.2d 947, 953 (1st Cir.1989); and (2) that the defendant's conduct was **intentional**, *Simmons v. Dickhaut*, 804 F.2d 182, 185 (1st Cir.1986), grossly negligent, or amounted to a recklessor callous indifference to the plaintiff's constitutional rights. *See Gutierrez–Rodriguez*, 882 F.2d at 562. (Emphasis in the original).

**3.** The Court reiterates that Defendant Negron was sued in his personal and individual capacity only. *See* Docket No. 1, pages 6–7, and the *Minutes* of December 10, 2015, Docket No. 17, wherein plaintiff specifically informed the Court that the defendants were sued in their personal and individual capacity only.

### The Standard Applicable to a Constitutional Right of Access to the Courts

In *Bounds v. Smith*, the Supreme Court recognized for the first time that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Neither does this right requires the state to "enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis*, 518 U.S. at 354, 116 S.Ct. 2174. Rather, the right of access to courts vindicated by *Bounds* confers prisoners the capability to bring direct or collateral attacks to their state or federal sentences or challenges to the conditions of their confinement before the courts. *Lewis*, 518 U.S. at 355–56, 116 S.Ct. 2174. Said capabilities of access to courts may be provided through "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828, 97 S.Ct. 1491. *See also D'Angelo v. New Hampshire Supreme Court*, 740 F.3d 802, 805–06 (1st Cir.2014); *Rogan v. City of Boston*, 267 F.3d 24, 28 (1st Cir.2001); *Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 660 (1st Cir.1997).

In order for a prison inmate to exercise his right to access the courts, it is not sufficient that he simply establishes that "his prison's law library or legal assistance program is subpar in some theoreti-cal sense." *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174. Rather, **plaintiff must establish an actual injury.** (Emphasis ours). That is, he must go "one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [criminal claim as to their state or federal sentences] legal claim." *Id.* Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather with claims related to the criminal cases for which the inmate was incarcerated, including appeals, *habeas corpus,* and civil actions related to those cases, as well as to conditions of imprisonment. *Lewis*, 518 U.S. at 354, 116 S.Ct. 2174.

In the instant case, Plaintiff alleges that, while he was incarcerated, his right of access to courts was frustrated in two different occasions. The first time his right of access to courts was allegedly violated was when Defendant Negron prevented him from receiving within the prison several documents that he purportedly needed to pursue his appeal before the Social Security Administration, a federal civil case. These alleged documents were not received by regular mail to plaintiff's address in the jail institution, but to his personal address, and mailed and/or delivered personally to the institution by his relatives "in late February of 2014," that is, on or about seven months after the July 2, 2013 letter from the Social Security Administration denying plaintiff's disability request. Docket No. 1, ¶¶ 3.1 to 3.5.[4]

The second time Plaintiff's right of access to courts was allegedly violated occurred when Defendant Negron failed to provide him the assistance of a paralegal

---

4. Plaintiff could have very well filed his Social Security Appeal alleging an equitable tolling valid reason of being unable to appeal due to his imprisonment and lack of permission from the authorities to receive the necessary documents to appeal. However, there is no access to the courts right under constitutional and federal law, as the right is applicable only to current or past state or federal criminal convictions. *See* discussion *infra.*

that plaintiff "urgently" requested to file a third motion for reconsideration *pro se* on a request for reduction of child support payments, again a state civil case. The Court notes that said request was placed through the DCR internal procedure on February 27, 2014, and the paralegals' assistance was denied on March 25, 2014 "by stating that the paralegals were not available at that time." Docket No. 1, ¶ 3.9. The record shows that plaintiff was released from prison shortly thereafter on May 15, 2014. *Id.* at ¶ 2.1.

Plaintiff further alleges that had Defendant Negron not interfered with or obstructed the receipt of the documents in prison, he would have been able to pursue his appeal before the Social Security Administration. Moreover, had Plaintiff prevailed in the Social Security Administration appeal, he would have been provided with disability benefits—a source of income that he could have used to reduce his child support debt, thus purging the contempt that caused his imprisonment. Docket No. 14, at page 6, ¶ 4.3. Similarly, Plaintiff alleges, that had Defendant Negron provided the paralegals he was required to hire in compliance with Paragraph 19 of the *Morales Feliciano* Litigation Settlement Agreement, Plaintiff would have been able to file with the First Instance Court the civil related motions that could have resulted in either a reduction in his monthly child support payments or a consequential earlier release from prison. Docket No. 1, at page 5, ¶ 3.10; Docket No. 14, at page 6, ¶ 4.4. Because Defendant Negron failed to provide the paralegal "urgently" requested by Plaintiff, his term of imprisonment was "unlawfully and unnecessarily prolonged." The Court strongly disagrees.

### "Actual Injury" v. "Access to Courts"

■ Defendant Negron argues that Plaintiff failed to show: (a) that Negron's conduct deprived Plaintiff of his protected rights, and (b) the causal connection between the Defendant's conduct and the Plaintiff's deprivation of rights. Defendant Negron further argues that Plaintiff failed to establish a claim under Section 1983, showing that Negron's actions were intentionally directed to deprive Plaintiff of his protected constitutional rights, such as, the right of access to court. *See Monell v. Department of Social Services*, 436 U.S. 658, 694, n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Torres Ocasio v. Melendez*, 283 F.Supp.2d at 514–515. The Court further finds that in order to prove the second prong of Section 1983, plaintiff must show that the defendant's conduct **intentionally** "deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." (Emphasis ours). Docket No. 11, at page 7.

With regards to the access to courts claim, Defendant Negron alleges that Plaintiff failed to show that the Defendant's failure to provide access to a paralegal caused Plaintiff an "actual injury"— that is "actual prejudice with respect to the contemplated or existing litigation, such as, the inability to meet a filing deadline or to present a claim." Docket No. 11, at page 11. The Defendant claims that Plaintiff cannot adequately claim an actual injury, for there is no certainty that Plaintiff would have obtained the result he desired from either his appeal before the Social Security Administration or the motions he intended to file *pro se* with the First Instance Court. Docket No. 11, at page 13. Furthermore, and most critical, the Defendant notes that Plaintiff's claims do not fall under any of the contemplated cases that are covered by the access to courts violation causes of action, as they are not related to the criminal case for which the Plaintiff was incarcerated, or

any criminal case including appeals, *habeas* petitions, and violation of civil cases. Docket No. 11, at page 13.

Lastly, Plaintiff failed to show that his term in jail was "unlawfully and unnecessarily prolonged" by Defendant Negron's personal and intentional behavior. Docket No. 1, ¶ 3.10, at page 5. The Court finds that Plaintiff's claim that his term in jail was "unlawfully and unnecessarily prolonged" is based on general, speculative and conclusory allegations as to the strictly consequential federal and state civil cases. *See Peñalbert v. Fortuño Burset,* 631 F.3d 592, 595 (1st Cir.2011) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

■ After a careful review of the record, the Court further finds that Plaintiff failed to state a claim under the second prong of Section 1983, and he failed to show an "actual injury." First, the Court notes that Plaintiff's allegations are grounded on a cause of action not related to his criminal case, or even attacking collaterally a prior criminal case. Afterwards, the Court finds that said argument is based on general, speculative and conclusory allegations, the type of "unadorned, the-defendant-unlawfully-harmed-me accusations" that both the First Circuit and the United States Supreme Court have found "insufficient" to establish the actual injury requirement necessary for an access to courts claim. *See Feliciano–Hernandez v. Pereira–Castillo,* 663 F.3d 527, 534 (1st Cir.2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Third, as proof of the conclusory and speculative nature of Plaintiff's allegations, the Court notes that both the Examiner and the First Instance Court had previously twice denied Plaintiff's request for a reduction in monthly child support payments. Hence, it is highly improbable that, after two previous court denials, the state court would have conceded a third reconsideration, much less that Plaintiff would have prevailed in the *pro se* motions that he intended to file after receiving the paralegals' assistance. The Court further finds that Plaintiff's claims are unsupported and, "while not stating ultimate legal conclusions, are nevertheless so threadbare and speculative that they will fail to cross 'the line between the conclusory and the factual,'" hence, they must be disregarded. *See Peñalbert v. Fortuño Burset,* 631 F.3d 592, 595 (1st Cir.2011) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As to the Social Security Administration claim, Plaintiff's appeal term had already expired when the documents were mailed or received by him, except that Plaintiff could have restated them after he was released. *See infra* Fn. 4.

■ Fourth, the Court finds that Plaintiff fails to meet the threshold as to the legal coverage as to the use of paralegals related to the test of "access to court." Plaintiff does not claim a violation of his capability to bring an attack to his "sentence" or a challenge to the "conditions of his confinement" before the courts. On the contrary, Plaintiff's civil cases are related to the reduction of child support payments and a disability petition with the Social Security Administration, which are not included in the right to access to courts. Furthermore, Plaintiff fails to show how a claim of this nature, was lost because Defendant Negron "intentionally" prevented the presentation of such claim by not providing the paralegals assistance. However, the constitutional assistance of paralegals is strictly confined under constitutional law to prisoners past or current convictions. *Bounds v. Smith,* 430 U.S. at

821, 97 S.Ct. 1491; *Lewis v. Casey*, 518 U.S. at 355, 116 S.Ct. 2174.

■■■ The Court further notes that Plaintiff asserts no facts wherein the Defendant prevented his access to communicate with any court, save for the only time that assistance from the paralegals was requested and denied for lack of paralegals availability. Notwithstanding, the use of paralegals is limited for past or current state and federal criminal sentences only ("tools to attack their sentences directly and indirectly"). *Lewis v. Casey*, 518 U.S. at 343, 116 S.Ct. 2174. Hence, there is no injury if there is no *sine qua non* criminal sentence as a subject matter. The Court reiterates that: (a) Plaintiff requested the paralegals assistance on February 27, 2014, the same was denied on March 25, 2014, and plaintiff was released in due course on May 15, 2014; and (b) there are only two paralegals to serve a jail population of about 12–15,000 inmates.[5] Lastly, Defendant Negron did not fail to "intentionally" provide the paralegal assistance, as he was in compliance with the requirement to hire two paralegals, as ordered by the Court in *Morales Feliciano, supra.* The Court notes the fact that the paralegals were not available in such short and "urgent" notice, cannot be interpreted as to mean that the Defendant's actions were intentional and caused an "actual injury" to Plaintiff. Anyway, the paralegals are not required to provide legal assistance on purely civil cases.

Therefore, the Court cannot reasonably construe the Defendant's actions and policies as imposing an intentional barrier to Plaintiff's right of access to the courts. Since Plaintiff failed as a matter of law to meet the actual "injury" requirement in an access to the courts claim, and failed to show that Defendant Negron impaired his access to the courts "intentionally," the claim must be denied.

The Court finds that there is no triable cause of action under Section 1983, as there has been no deprivation of Plaintiff's protected constitutional rights by Defendant Negron in his personal or official capacity.[6] The Court stresses that the protected constitutional right of access to courts is strictly for past and/or current state or federal criminal cases. But, does not include civil cases except wherein a sentence is challenged directly or collaterally in a civil case, *i.e.,* state *habeas corpus* or federal *habeas corpus* emanating from state courts.

## CONCLUSION

In view of the foregoing, the Court finds that Plaintiff does not have a triable cause of action under Section 1983. Hence, Defendant's Motion to Dismiss, Docket No. 11, is granted and the case as to the federal causes of actions are dismissed with prejudice. The supplemental claims are dismissed without prejudice. *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d

---

**5.** The total prison population in June 25, 2015 was 12,381. *See* [Profile of the Confined Population, Year 2015, Department of Correction and Rehabilitation, at page 1].

**6.** Pursuant to the Minutes of Proceedings of December 10, 2015 (Docket No. 17), Plaintiff is willing to settle this matter for $100,000.00 based on an opinion issued by the United States Magistrate Judge Justo Arenas in *Rodriguez–Sanchez v. Acevedo–Vila,* 763 F.Supp.2d 294 (2011). Plaintiff posited that

according to said case, a detained defendant may claim $1,000.00 daily for any unjustified extra time served. *Rodriguez–Sanchez* only applies to pain and suffering caused by prison conditions. In the instant case, however, the only "prison condition" is the alleged lack of "paralegals," in violation of the access to courts standard, which are not to be used for anything other than prior or current state or federal criminal cases related to the sentences thereunder.

1168, 1175, 1176 (1st Cir.1995). An Amended Judgment will be entered accordingly.

IT IS SO ORDERED.